IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TYRAND JAMES | ) | CASE NO. 4:10CV0641 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| JOHN T. SHARTLE | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

Petitioner *pro se* Tyrand James ("James"), incarcerated at the Federal Correctional Institution, Elkton, Ohio, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF 1). He has also filed a Motion for Order to Supplement (ECF 3) and a Motion for Rule 201(d) Request for Mandatory Judicial Notice of Necessary Information Supplied by Petitioner. (ECF 6). For the reasons set forth below, all of James' pending Motions are Denied.

On December 15, 2005, a jury in the Northern District of Ohio found James guilty of distribution of cocaine base and cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). He was sentenced to a term of imprisonment of 240 months. *U.S. v. James*, Case No. 4:05CR0236. James thereafter filed a Petition for Writ of Mandamus in the Sixth Circuit Court of Appeals asserting that the District Court lacked subject matter jurisdiction over his person or offenses of conviction. On August 27, 2009, the Sixth Circuit denied the Writ on the ground that James failed to show that he lacked an alternative adequate means to obtain the relief requested. *In re: Trand James*, Case No. 09-3605. His Petition for Writ of Certiorari was denied by the U.S. Supreme Court on March 30, 2010. *James v. United States District Court for the Northern District of Ohio*, Case No. 09-9091.

>James presents the following three claims in his current Petition:
>
>1. Whether the warden is executing a judgement that is void for want of subject matter jurisdiction because Youngstown and elsewhere is [sic] not within the exclusive jurisdiction of the United States.
>2. Whether the warden is executing a void judgement that was rendered by a court that did not have a plaintiff with proper standing before it to hear and adjudicate the matter.
>3. Whether the warden is executing a judgment that is void because it was rendered in violation of the Sixth Amendment counsel provision because of the reasons claimed in the memorandum herein.

Essentially James contends that the court who imposed his sentence lacked the subject matter jurisdiction to do so. James also argues that his trial counsel was so ineffective as to render his conviction and resulting sentence invalid. He asserts that these claims may be asserted under § 2241 because they relate to the execution, and not the imposition of his sentence.

In 1948, Congress amended 28 U.S.C. § 2255 to allow the court that imposes a sentence, as distinct from the court with jurisdiction over the prisoner's custodian, to hear a collateral attack on that sentence. Although § 2255 was again amended in 1996 by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996), it retained the crucial amendment recommended by the Judicial Conference in 1948, and thus currently provides in the fifth paragraph, that:

>An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255 (1999).

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cabrera v. United States*,

972 F.2d 23, 25-26 (2d Cir. 1992); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977)). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw*, 86 F.3d at 166.

While § 2255 provides a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention," *accord United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997), that exception does not apply here. It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). Thus, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1987), because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir. 1986) (per curiam), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

James is challenging his conviction and the fact that a sentence was imposed upon him in the Northern District of Ohio, not the execution of or manner in which he is serving his sentence, which

3

usually entails the computation of sentence credits or parole eligibility. *See Armstrong v. Stine*, 2009 WL 129783 * 1 (E.D. Ky., Jan 20, 2009) (citing *Jalili,* 925 F.2d at 893-94). James is arguing that, because the district court lacked jurisdiction over his case and, his counsel was ineffective, he should not have been convicted. None of his grounds for relief pertain to the execution of his sentence. As noted above, except in limited circumstances not at issue here, a federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Moon v. Dewalt,* 2008 WL 2246360 * 2 (E.D. Ky., May 28, 2008)(citing *Capaldi,*135 F.3d at 1123). The Court's docket shows that James did not file a § 2255 Motion. There is no indication that a § 2255 motion would have been inadequate or ineffective, had it been asserted, to test the legality of his detention. In such circumstances James may not use his § 2241 Petition as a substitute for a proper motion under § 2255.

James has also filed a Motion for Order to Supplement (ECF 3) and a Motion for Rule 201(d) Request for Mandatory Judicial Notice of Necessary Information Supplied by Petitioner. (ECF 6). The information James wants to submit to the Court is not needed. Therefore, these Motion are denied.

Accordingly, James's Motion to Proceed *In Forma Pauperis* is **Granted**. (ECF 2). His Motion for Order to Supplement (ECF 3) and Motion for Rule 201(d) Request for Mandatory Judicial Notice of Necessary Information Supplied by Petitioner are **DENIED**. (ECF 6). This action

is **DISMISSED**. *See* 28 U.S.C. § 2243.[1] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

  IT IS SO ORDERED**.**

                 **s/ Kathleen M. O'Malley**
                 JUDGE KATHLEEN M. O'MALLEY
                 UNITED STATES DISTRICT JUDGE

DATED: May 28, 2010

---

[1] 28 U.S.C. § 2243 requires the court to summarily hear and determine the facts and dispose of the matter as law and justice require.