IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TYRAND JAMES | ) | CASE NO.  4:10CV0641 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE   KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| JOHN T. SHARTLE | ) | MEMORANDUM OF OPINION |
| | ) | <u>AND ORDER</u> |
| Respondent. | ) | |

On May 28, 2010, the Court dismissed Tyrand James' (James") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 on the ground that § 2241 was not available because he was  challenging his conviction and the fact that a sentence was imposed upon him in the Northern District of Ohio, not the execution of or manner in which he is serving his sentence.  This matter is now before the Court upon James' Motion to Alter or Amend the Court's May 28, 2010 Order/Judgment. (ECF 9). For the reasons that follow, the Motion is Denied.

In his Motion for Reconsideration, James asserts that the Court abused its recharacterization powers when it failed to 1) notify the litigant that the Court intended to recharacterize the pleading, 2) warn the litigant that this recharacterization would subsequently be subject to § 2255 rules and not § 2241, and 3) provide the litigant an opportunity to withdraw the Motion or to amend it so that it contained all the claims that the litigant believed he had.

James  presented the following three claims in his Petition:

1. Whether the warden is executing a judgement that is void for want of subject matter jurisdiction because Youngstown and elsewhere is [sic] not within the exclusive jurisdiction of the United States.
2. Whether the warden is executing a void judgement that was rendered by a court

> that did not have a plaintiff with proper standing before it to hear and adjudicate the matter.
> 3. Whether the warden is executing a judgment that is void because it was rendered in violation of the Sixth Amendment counsel provision because of the reasons claimed in the memorandum herein.

He contended that the court who imposed his sentence lacked the subject matter jurisdiction to do so, and that his trial counsel was so ineffective as to render his conviction and resulting sentence invalid. Based on those assertions, the Court properly ruled that James was challenging his conviction and the fact that a sentence was imposed upon him in the Northern District of Ohio, not the execution of or manner in which he is serving his sentence. His allegations were not recharacterized and the Court did not rule upon his claim as if it were one asserted under § 2255; it simply pointed out that § 2255 is the only appropriate vehicle for the assertion of such claims.

Moreover, James was convicted of a federal drug offense. 21 U.S.C. § 841(a)(1), (b)(1)(C). His contention that his judgment is void because Youngstown, Ohio is not within the jurisdiction of the United States courts or because drug cases can also be prosecuted in state court is frivolous.

Accordingly, James' Motion to Alter or Amend the Court's May 28, 2010 Order/Judgment is **DENIED**.

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
JUDGE KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: July 14, 2010